UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

MARCO AGUILAR, individually &
on behalf of all similarly situated,

    4225 George Washington Mem Hwy
    Yorktown, VA 23692

          Plaintiff(s),

Case Number 1:17-cv-00728
Collective Action

v.

MICHAEL & SON SERVICES, INC.

    5740 General Washington Dr
    Alexandria, VA 22312

    Defendant.
_____/

## Complaint & Jury Demand

1.    The named Plaintiff, Marco Aguilar, sues Defendant, Michael & Son Services, Inc., individually and on behalf of all similarly situated for unpaid overtime pursuant to 29 U.S.C. § 216(b).

2.    Plaintiff worked for Defendant as an HVAC technician and installer from October 2016 through March 2017.

3.    Defendant supplies services in the District of Columbia.

4.    Defendant's home improvement contractor license number with the District of Columbia is 420211002808.

5.    Defendant has been serving the DC metropolitan area since 1976.

6.    Defendant has multiple departments.

7. Defendant's departments are electrical, plumbing, HVAC, remodeling and restoration.

8. Plaintiff worked for Defendant as an HVAC technician and installer.

9. This lawsuit is intended to cover all HVAC technicians and installers that worked for Defendant for over forty hours in one or more workweeks without receiving all overtime within the past three years.

10. The functions, duties and responsibilities of Defendant's HVAC technicians and installers are:

    A. Performs all repairs and maintenance of all heating/cooling and ventilating components common to residential operations;

    B. Required to respond to emergencies such as floods, power outages, etc. during off shift hours, if directed by the department supervisor;

    C. Maintains record keeping requirements and written reports as part of a daily routine;

    D. Ability to troubleshoot and problem solve repairs;

    E. Experience in the repair, replacement and adjustment of residential operating systems;

    F. Performs preventative maintenance and inspections on residential HVAC equipment and systems.

11. In addition to conducting business in the District of Columbia, Defendant conducts business in Maryland and Virginia. It has franchises in Pennsylvania and North Carolina.

12. Defendant is an active corporation in the State of Maryland.

13. Defendant is an active corporation in the Commonwealth of Virginia.

14. The Commonwealth of Virginia describes Defendant's license as a contractor with specialties in commercial improvement, commercial building, electrical, gas fitting, HVAC, home improvement, plumbing and residential building.

15. Defendant has annual gross revenues of over $500,000.00.

16. Defendant employs employees that handle goods or materials that have moved in interstate commerce.

17. For instance, Defendant employs employees that drive vehicles, use tools, use material, use safety equipment, pens, paper, cell phones, etc. that have all moved in interstate commerce.

18. Defendant is an enterprise as defined by 29 U.S.C. § 203(r).

19. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s).

20. Defendant does not pay its HVAC technician and installer employees overtime compensation when these employees work over forty hours in a workweek.

21. Defendant pays its HVAC technician and installer employees in the same manner.

22. Named Plaintiff, like other similarly situated HVAC technician and installer employees, worked over forty hours in some weeks without ever receiving overtime compensation.

23. Defendant is obligated to keep accurate time records for its HVAC technician and installer employees pursuant to 29 U.S.C. § 211(c).

24. Defendant knows that in some weeks its HVAC technician and installer employees work over forty hours.

25. Defendant has a policy of not paying its HVAC technician and installer employees overtime.

26. Plaintiff(s) are entitled to overtime pay pursuant to 29 U.S.C. § 207(a)(1).

27. Defendant is Plaintiff(s) employer as defined by 29 U.S.C. § 203(d).

28. HVAC installation requires extensive labor.

29. HVAC installers and technicians use specialized equipment.

30. Defendant charges its customers for HVAC installation.

31. Defendant's charge for installation is substantial in relation to the sale price of the goods being installed.

32. Defendant is not recognized as being engaged in retail sales.

33. Defendant is not recognized as being engaged in retail services.

34. Plaintiff(s) are not employed by a retail establishment.

35. Defendant is an air-conditioning and heating systems contractor.

36. Plaintiff(s) worked for Defendant as air-conditioning and heating systems contractors.

37. Air-conditioning and heating systems contractors lack retail concept.

38. Defendant is engaged in a business that is not listed at 29 C.F.R. § 779.320.

39. HVAC parts, tools and equipment are sold by retailers such as Lowes, Home Depot and Ace Hardware.

40. Defendant is not like the retailers Lowes, Home Depot and Ace Hardware.

41. Defendant's HVAC unit primarily relies upon installation, repair and service for its profits.

42. Defendant's HVAC unit does not depend upon price mark ups on air-conditioning units, heat pumps, etc.

43. Defendant does not have a showroom.

44. Defendant does not have a display area.

45. Defendant's online store only sells a Michal & Son Die Cast Truck for $29.99 and a Michael & Son Lunchbox for $10.00.

46. The sale of the items in paragraph 45 account for less than 75% of Defendant's revenues.

47. Defendant does not sell appliances.

48. Defendant does not sell separately any of the items it uses in constructing central heating and cooling systems.

49. The equipment that Defendant sells is on an installed basis.

50. Defendant orders supplies as needed for specific jobs.

51. The SIC Manual classifies Defendant as a special trade contractor, one engaged in the business of construction. See OSHA Description for 1711: Plumbing, Heating and Air-Conditioning.

52. Defendant is engaged in construction activities.

53. Defendant has a contractor license with District of Columbia. See ¶ 4.

54. Defendant has a contractor license with the Commonwealth of Virginia.

55. Defendant is a Class A Contractor in Virginia, which means it can perform or manage construction, removal, repair, or improvements when (i) the total value referred to in a single contract or project is $120,000.00 or more, or (ii) the total value of all such construction, removal, repair, or improvements undertaken by Defendant within any 12-month period is $750,000.00 or more.

56. Defendant's Virginia contractor license number is 2701038423.

57. Plaintiff(s) worked overtime without overtime pay.

58. Plaintiff(s) had similar job duties.

59. Plaintiff(s) were paid the same.

60. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

61. Venue is appropriate in the District of Columbia as Defendant employs HVAC installer and technician employees in Maryland, District of Columbia and Virginia without paying them overtime.

62. Defendant advertises its services to be in the "DC Metro Area."

63. Defendant has been aware of the Fair Labor Standards Act (FLSA) for more than three years.

64. Defendant willfully violated the FLSA.

65. Defendant acted in reckless disregard of the FLSA.

66. Defendant possesses payroll records for Plaintiff(s).

67. Defendant possesses records showing when and where Plaintiff(s) worked.

68. Upon receipt of Defendant's records showing how much Plaintiff(s) earned week by week, as well was when and where they worked, reasonable damage estimates may be calculated.

Wherefore, Plaintiff(s) demand notice of this lawsuit to all similarly situated, unpaid overtime, liquidated damages, declaration that Defendant violated provisions of the FLSA, trial by jury, judgment, attorneys' fees and costs.

Respectfully submitted this 19th day of April 2017,

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Kentucky Bar Number 96913
Morgan & Morgan
333 Vine St Ste 1200
Lexington, Kentucky 40507
Tel: (859) 219-4529
Email – bmazaheri@forthepeople.com

Counsel for Plaintiff(s)